

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2007

# USA v. Hayes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hayes" (2007). *2007 Decisions.* Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-4980
_____

UNITED STATES OF AMERICA

v.

DEDRIC DYSHON HAYES
a/k/a Dereke

DEDRIC DYSHON HAYES,
Appellant

_____

Appeal from United District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00062)
District Judge: Hon. Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before: SCIRICA, AMBRO and JORDAN, *Circuit Judges*

(Filed December 3, 2007)

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Dedric Hayes pleaded guilty to a Superseding Information charging him with the

unlawful distribution of an undetermined quantity of crack cocaine, in violation of 21

U.S.C. § 841. The District Court imposed a sentence of 176 months imprisonment. We vacated the sentence and remanded for re-sentencing in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005). On remand, the District Court imposed the same sentence, and Hayes appeals.

Hayes raises three arguments on appeal. First, he argues that the sentence imposed by the District Court was unreasonable. Second, Hayes argues that the District Court failed to adequately consider the crack cocaine to powder cocaine sentencing disparity. Finally, Hayes argues that the District Court erred by rejecting his objection to the drug amount calculation without an evidentiary hearing. For the reasons that follow, we will affirm the District Court's judgment of sentence.

I.

Hayes pleaded guilty, pursuant to a negotiated plea agreement, to a Superseding Information charging him with the unlawful distribution of an undetermined quantity of crack cocaine. The practical effect of pleading to distribution of an undetermined quantity was to limit Hayes's exposure to a maximum sentence of 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C), rather than a maximum sentence of life imprisonment and a mandatory minimum sentence of 10 years, pursuant to 21 U.S.C. § 841(b)(1)(A).

The Presentence Investigation Report ("PSR") calculated the quantity of drugs for which Hayes was responsible to be approximately 683 grams of crack cocaine, which was

based on witness estimates of the quantity of crack cocaine sold by Hayes. Hayes objected to the drug amount calculation but withdrew his objection prior to sentencing.

Because Hayes cooperated with government agents by giving them information regarding, *inter alia*, Hassan Thomas's crack cocaine distribution, the government moved for a 25% downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1. The District Court granted the government's motion and imposed a sentence of 176 months, which reflected a 25% reduction from the low end of the guideline imprisonment range of 235-240 months. Hayes appealed his sentence, and we vacated and remanded the matter to the District Court for re-sentencing in light of *Booker*.

Prior to re-sentencing, the government filed a motion seeking leave to withdraw its previous request for a guideline departure pursuant to U.S.S.G. § 5K1.1, because two months after Hayes was sentenced, he testified at Thomas's sentencing hearing that he had lied to government agents about Thomas being involved in crack cocaine distribution. Also prior to re-sentencing, Hayes filed an objection to the drug amount calculation that was originally used to establish his guideline offense level, and asked the Court to depart from the guideline range based upon the disparity between the guidelines for crack cocaine and powder cocaine.

## II.

Hayes first argues that the District Court's sentence was unreasonable because the Court failed to consider that he (1) is only twenty-five years old; (2) committed no acts of

violence during any of his drug transactions; (3) has made "positive efforts" in prison; and (4) should be involved in his son's life. The government responds that the Court considered the relevant § 3553(a) factors prior to imposing the sentence.[1]

> The District Court stated the following prior to imposing the sentence:
>
>> Alright. Counsel, I have struggled with this case. I think the guidelines are very high, but I think that Mr. Hayes has been given all due consideration in the government's motion for downward departure. I think if the government had it their way of course there would not be a motion for downward departure on the record at this point, but I find that there is. At the time when we were here last time, I believe I commented that I thought 25% was a substantial reduction, given the level of the defendant's cooperation. I think if I revisit that issue I would feel even more certain that that were the case, but I'm not going to revisit that issue. I think it's appropriate as I've indicated before. So really I think based on all of the circumstances, the defendant's background, his criminal conduct, his level of involvement in this as compared to the other defendants, I think the original sentence of 176 months was a reasonable one and that is what I will impose now.

(App. 125-26.)

Even though the District Court did not explicitly state that it had considered all of the relevant § 3553(a) factors, the Court specifically noted that it had considered "all of the circumstances" prior to imposing the sentence, and it appears from the history of the case that the Court did. We therefore find that the District Court did not abuse its discretion and the sentence imposed was reasonable.

---

[1]The government also argues that we do not have jurisdiction to hear Hayes's challenge because the sentence of 176 months was imposed as the result of a departure granted pursuant to a 5K1.1 motion for reduction. We are not persuaded by this argument.

4

III.

Next, Hayes argues that the District Court failed to adequately consider the crack cocaine to powder cocaine sentencing disparity. The record is clear, however, that the Court acknowledged that it had the authority to consider the disparity, but nevertheless chose not to reduce Hayes's sentence. Specifically, the Court stated that it was "entitled" to consider the disparity "as a 3553(a) factor...but I don't find under the circumstances here that it warrants a reduction from the guideline range...." (App. at 133-34.)

IV.

Finally, Hayes argues that the District Court erred by rejecting his objection to the drug amount calculation without conducting an evidentiary hearing. Hayes's position is that the remand of this case for re-sentencing in light of *Booker* "opened up the ability for the sentencing court to consider Hayes's calculation of drug amounts." (Appellant's Br. at 18.) The District Court believed that determining the drug amount on remand was outside the scope of this Court's mandate for re-sentencing, and ruled that it would not hear evidence of drug quantities during the re-sentencing hearing.

Hayes withdrew his objection to the government's drug amount calculation prior to his first sentencing hearing, and he cannot now be heard to challenge that calculation. When we vacated and remanded for re-sentencing, we did so in light of *Booker*, not on the basis of an error in the drug amount calculation. Therefore, the District Court did not err by refusing to allow Hayes to reinstate his objection to the drug amount calculation.

5

## V.

For the foregoing reasons, the judgment of sentence will be affirmed.